The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request, on behalf of a constituent, for an opinion on the following question:
 If a person files for election/re-election in the Democrat Primary for Alderman in Ward 3 Position #1 and loses, is he/she permitted by law to file as an independent in the general election for Position #2 within the same Ward 3?
The answer to this question is not entirely clear under Arkansas law. Two statutes are relevant to the question. The first is A.C.A. § 7-7-103
(Supp. 1997), particularly subsection (e), which states that:
 A person who has been defeated in a party primary shall not be permitted to file as an independent candidate in the general election for the office for which he was defeated in the party primary.
This statute prohibits a person who was defeated in a party primary from filing as an independent for "the office for which he was defeated in theparty primary." (Emphasis added.) It can be argued that "the office for which he was defeated" in this instance is "Alderman, Ward 3, Position 1" and that a later independent filing for Position 2 would not contravene the statute. On the other hand, it might be argued that the "office for which he was defeated" is the office of "alderman," and that any attempt to seek the office of alderman in the same ward in the general election would run afoul of the statute, or would at least be an indirect attempt to do what is directly prohibited by the statute. We are without the benefit of case law on the question.
The second relevant statute is A.C.A. § 7-7-304(d), which governs primary elections. It provides that:
 Where there are two (2) or more nominees to be selected for the same office, such as Associate Justice of the Supreme Court, State Senator, State Representative, justice of the peace, alderman, or for any other office or place, the proper committee shall require the candidates to designate in writing a particular position, i.e., Position Number 1, Position Number 2, Position Number 3, etc., at the time a party pledge is required to be filed with the secretary of the committee. An independent candidate shall designate his position prior to circulation of his petition. When a candidate has once filed and designated for a certain position, he shall not be permitted to thereafter change the position.
This statute indicates that a person who has chosen a position for the primary may not later change the position. It is unclear whether this prohibition applies only to a change of position for the primary election, or whether it also prohibits the person from changing positions before the general election as your question posits. The statute does make reference to an independent candidate's selection of a position, indicating that the statute may have applicability to more than the primary election.
In my opinion, the applicability of the two statutes above to the facts you present is not entirely clear. It is generally held that provisions in constitutions and statutes imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers and that ambiguities should be resolved in favor of eligibility to office. See 67 Officers
C.J.S. 17. The statutes above do not squarely fit the facts recited, and in my opinion there is some ambiguity as to their application to this situation. The statutes do, however, in my opinion, indicate a prohibition against defeated primary candidates changing positions and running for the same office in the general election. Such a person's candidacy could be challenged in a court action prior to the election.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh